JS-6

*CLERK, U.S. DISTRICT COURT*
*SEP 3 0 2013*
*CENTRAL DISTRICT OF CALIFORNIA*
*BY ___ DEPUTY*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> OSCAR CEBALLOS, ) <br> ) <br> Defendant. ) <br> ) | CASE NO. CV 13-4862-R <br> CR 08-94-R <br><br> ORDER DISMISSING DEFENDANT'S <br> MOTION UNDER TITLE 28 U.S.C. § 2255 |

**I. INTRODUCTION**

Defendant Oscar Ceballos ("Defendant"), a federal prisoner proceeding *pro se*, has petitioned the Court to vacate, set aside, or correct his sentence pursuant to Title 28 U.S.C. § 2255. Defendant was convicted on July 14, 2009 and sentenced on September 28, 2009, pursuant to a plea agreement. After the judgment was entered, on October 8, 2009, Defendant appealed his sentence. That appeal was denied on November 7, 2011. Defendant's subsequent petition for rehearing was denied on January 25, 2012. Finally, Defendant's April 25, 2012, petition for writ of certiorari to the United States Supreme Court was denied on May 29, 2012.

Defendant filed this motion for post-conviction relief on July 5, 2013. The motion is made

on the grounds that the imposed sentence was improper, and that Defendant's counsel provided ineffective assistance. Specifically, Defendant makes the following contentions: (1) Defendant's attorney provided ineffective assistance in failing to prevent consideration of Defendant's prior *nolo contendere* pleas during sentencing; (2) the Court improperly counted Defendant's prior *nolo contendere* pleas as prior convictions to support a career offender enhancement at sentencing; (3) the Government misled Defendant during plea negotiations in regard to the effect at sentencing of his admission to the two prior felony convictions; and (4) Defendant's attorney on appeal provided ineffective assistance by failing to raise meritorious arguments. Pet.'s Mot., ECF No. 1. The Court has carefully considered the record and the applicable law, and for the reasons set forth below, finds that the motion must be dismissed.

## II. STATUTE OF LIMITATIONS FOR CLAIMS BROUGHT PURSUANT TO TITLE 28 U.S.C. § 2255.

Pursuant to Title 28 U.S.C. § 2255(f), the period of limitation for seeking relief under the statute is one year from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Here, the latest of the above mentioned dates was the date the judgment of conviction became final, after Defendant's petition for writ of certiorari was denied: May 29, 2012. Indeed, none of the other dates would operate to extend the period to file for relief because there has been no governmental barrier to bringing this motion, there has been no new retroactive right recognized by the Supreme Court, and all the facts were known or discoverable at the time Defendant signed his plea agreement. Thus, this petition, which was filed on July 5, 2013, must be dismissed as it is barred by the statute of limitations.

The Court also notes that Defendant's arguments for equitable tolling are unpersuasive. To invoke the doctrine of equitable tolling the petitioner must show that "he has been pursuing his rights diligently, and [] that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2569, 2562-63 (2010) (citation and internal quotation omitted). According to Defendant, this petition is not time-barred because he did not receive actual notice of the denial of his petition for writ of certiorari until July of 2012 or June of 2013. Defendant has not, however, supported this contention with a declaration under penalty of perjury or other evidence demonstrating that he did not receive notice from his attorney. In contrast, the United States has proffered the declaration of Michelle Barth, the attorney who filed the petition for writ of certiorari on Defendant's behalf. Decl. of Michelle Barth ("Barth Decl."), ECF No. 14, Ex. 1. In that declaration, Ms. Barth states she mailed a letter to Defendant notifying him of the result of his petition for writ of certiorari and that a *habeas corpus* petition, if Defendant elected to file one, must be filed within one-year from the date the petition for writ of certiorari was denied. *Id.* at Exs. 1 & 2.

Consequently, on the record presented before this Court, there are no facts to support the conclusion that this is an exceptional case in which the doctrine of equitable tolling should apply. *See United States v. Marolf*, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999). Therefore, Defendant is not entitled to equitable tolling of the statute of limitations.

### III. CONCLUSION

For the foregoing reasons, Defendant has failed to demonstrate that he is entitled to relief under Title 28 U.S.C. § 2255.

IT IS HEREBY ORDERED that Defendant's Motion under Title 28 U.S.C. § 2255 is DISMISSED.

Dated: September 30, 2013.

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE